```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION
```

CAROL ALLEN and
FRANK ALLEN                                              PLAINTIFFS

    v.                Case No. 6:12-CV-6093

K-MAC HOLDINGS CORP.                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant K-Mac Enterprises, Inc.[1], d/b/a as Golden Corral's Motion for Summary Judgment and supporting briefs (docs. 20-22), Plaintiffs Carol Allen and Frank Allen's Response and supporting briefs (docs. 24-27), and Defendant's Reply (doc. 28). For the reasons set out below Defendant's Motion for Summary Judgment (Doc. 20) is **DENIED**.

**I.  Background**

On June 8, 2012, Plaintiffs filed their Complaint in the Circuit Court of Garland County, Arkansas, case number CV-2012-473-I. Plaintiffs' Complaint asserts a negligence claim against Defendant related to Carol Allen's trip and fall at a Golden Corral restaurant located in North Little Rock, Arkansas. Plaintiffs' Complaint also asserts a loss of consortium claim on behalf of Carol's husband, Frank Allen. On July 20, 2012, Defendant removed this case pursuant to 28 U.S.C. § 1441(a).

On September 6, 2012, the Court entered a Final Scheduling

---

[1] Defendant K-Mac Enterprises, Inc., d/b/a Golden Corral states that it is incorrectly identified as K-Mac Holdings Corp. See Doc. 1.

Order (doc. 8) setting this matter for a jury trial to begin the week of July 29, 2013.  On April 17, 2013, Defendant filed its Motion for Summary Judgment and supporting briefs (docs. 20-22). On May 13, 2013, Plaintiffs filed their Response and supporting briefs (docs. 24-27).  On May 15, 2013, Defendant filed its Reply (doc. 28).

**II.  Standard of Review**

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts.  *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998) (*citing Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)).

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise

provided in *Rule 56*, must set forth specific facts showing that there is a genuine issue for trial. *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998) (*citing Burst v. Adolph Coors Co.,* 650 F.2d 930, 932 (8th Cir. 1981)). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.,* 28 F.3d 64, 66 (8th Cir. 1994) (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

**III. Discussion**

In its motion for summary judgment Defendant argues that Plaintiffs failed to present any proof of two essential elements of their negligence claim, i.e., (1) that Defendant breached a duty of care to Carol, and (2) that Defendant was under a duty to protect Carol from unforeseen injury. In the alternative, Defendant argues there is no proof that its actions were the proximate cause of Carol's fall. Plaintiffs argue in response that Defendant's floor mat constituted a hazard that Defendant should have known about, that foreseeability is not an issue because a curled up mat constitutes more than a "possible" hazard, and that under Arkansas law it is always a jury question when there is doubt of what caused a fall.

Having reviewed the pleadings and the evidence on file, considering the facts in a light most favorable to the party

opposing a motion for summary judgment and giving that party the benefit of any inferences that logically can be drawn from those facts, the Court finds there are issues of material fact that preclude summary judgment. Some of the material facts in dispute include, but are not limited to, the following: (1) whether Defendant's outside door mat, including the mat's entrance edge had been curled to a raised position; (2) whether Defendant knew or should have known that the mat was curled to a raised position; (3) whether Carol tripped on the alleged curled or raised edge and fell because of the mat's hazardous condition; and (4) whether the consequences of the fall exacerbated Carol's pre-existing conditions resulting in her quality of life being diminished. These determinations should be made by a jury after benefitting from the ability to weigh the evidence presented by both sides at a trial.

**IV. Conclusion**

For the reasons set out above, Defendant K-Mac Enterprises, Inc. d/b/a Golden Corral's Motion for Summary Judgment (doc. 20) is hereby **DENIED**. Jury trial in this matter remains set to begin the week of **July 29, 2013, at 9:00 a.m. in Hot Springs, Arkansas.** Pretrial disclosure sheets are due no later than 30 days before the trial date. Jury instructions are due no later than 14 days before the trial date.

IT IS SO ORDERED this 11th day of June, 2013.

                                           <u>/s/ Robert T. Dawson</u>
                                           Honorable Robert T. Dawson
                                           United States District Judge